## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALBERT MILLER,<br>                    Plaintiff | CIVIL ACTION – LAW |
| v. | JUDGE: _____ |
| WALMART, INC, WAL-MART<br>STORES EAST, LP, WAL-MART<br>REAL ESTATE BUSINESS TRUST,<br>WAL-MART STORES INC, and JOHN<br>DOE,<br>                    Defendants | NO.: _____<br><br>JURY TRIAL DEMANDED<br><br>ELECTRONICALLY FILED |

## **NOTICE OF REMOVAL**

AND NOW, Defendants WALMART, INC, WAL-MART STORES EAST, LP,

WAL-MART REAL ESTATE BUSINESS TRUST, WAL-MART STORES INC

(correctly, "WAL-MART STORES EAST, L.P."), through counsel, Thomas, Thomas

and Hafer, LLP, and hereby files this Notice of Removal based upon the following:

1.     On May 13, 2025, Plaintiff commenced this action by filing a Complaint

in the Court of Common Pleas of Philadelphia County, Pennsylvania, Case ID No. Case

ID: 250501556.  A true and accurate copy of Plaintiff's Complaint is attached hereto as

Exhibit A.

2.     Defendants received a copy of the as-filed Complaint on May 19, 2025.

3.     Plaintiff resides in Allegheny County, Pennsylvania and has an address at

2041 Sanlin Drive Corapolis, Pennsylvania, and is a citizen of the Commonwealth of

Pennsylvania.  See Exhibit A.

4.      The proper corporate Defendant, Wal-Mart Stores East, L.P., is a foreign corporation incorporated in Arkansas, with a principal place of business in Bentonville, Arkansas.  See Exhibit A   Wal-Mart Stores East, L.P., was/is not a citizen of Pennsylvania at the time of the commencement of this action nor at the time of the filing of this Notice of Removal.

5.      A fair reading of the Complaint and the allegations of damages asserted therein establish that the amount in controversy in the underlying action is believed to exceed $75,000, exclusive of interest and costs.  See Exhibit A.

6.      This Court has jurisdiction over this matter pursuant to 28 U.S.C.A. §1332, and the case is removed to this Court pursuant to 28 U.S.C.A. §1441(b).  This Notice is filed timely under 28 U.S.C.A. §1446(b), in that less than 30 days have passed since Defendant was served with a copy of the initial pleading setting forth the Plaintiffs' claim for relief.

7.      Written notice of filing of this Notice of Removal shall be given to all parties as required by 28 U.S.C.A. §1446(b).

8.      A true and correct copy of this Notice of Removal is being filed with the Prothonotary in the Court of Common Pleas of Philadelphia County, Pennsylvania, as required by 28 U.S.C.A. §1446(d).

WHEREFORE, Defendants, WALMART, INC, WAL-MART STORES EAST, LP, WAL-MART REAL ESTATE BUSINESS TRUST, WAL-MART STORES INC (correctly, "WAL-MART STORES EAST, L.P."), respectfully requests that this action

be Removed to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

**THOMAS, THOMAS & HAFER, LLP**

/s/ Paul B. Alexander
Paul B. Alexander, Esquire #332819
Four Penn Center, Suite 1060
1600 John F. Kennedy Boulevard
Philadelphia, PA 19103
palexander@tthlaw.com

*Counsel for Defendants, WALMART, INC, WAL-MART STORES EAST, LP, WAL-MART REAL ESTATE BUSINESS TRUST, WAL-MART STORES INC (correctly, "WAL-MART STORES EAST, L.P."),*

# EXHIBIT "A"

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**MAY 2025**

E-Filing Number: 2505027147

01556

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| ALBERT MILLER | WALMART, INC |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 2041 SANLIN DRIVE<br>CORAPOLIS PA 15108 | 250 SUMMIT PARK DRIVE<br>PITTSBURGH PA 15275 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | WAL-MART STORES EAST, LP |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | 601 N. WALTON BOULEVARD<br>BENTONVILLE AR 72712 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | WAL-MART REAL ESTATE BUSINESS TRUST |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | 601 N. WALTON BOULEVARD<br>BENTONVILLE AR 72712 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 5 | ☒ Complaint    ☐ Petition Action    ☐ Notice of Appeal<br>☐ Writ of Summons    ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | |
|---|---|---|---|
| ☐ $50,000.00 or less<br>☒ More than $50,000.00 | ☐ Arbitration<br>☐ Jury<br>☒ Non-Jury<br>☐ Other: | ☐ Mass Tort<br>☐ Savings Action<br>☐ Petition | ☐ Commerce    ☐ Settlement<br>☐ Minor Court Appeal    ☐ Minors<br>☐ Statutory Appeals    ☐ W/D/Survival |

CASE TYPE AND CODE

2S - PREMISES LIABILITY, SLIP/FALL

STATUTORY BASIS FOR CAUSE OF ACTION

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | **FILED**<br>**PRO PROTHY**<br><br>MAY 13 2025<br><br>**B. BALILONIS** | IS CASE SUBJECT TO<br>COORDINATION ORDER?<br>YES        NO |
|---|---|---|

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: ALBERT MILLER

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| ALEXANDER KIPPERMAN | KWARTLER MANUS<br>1429 WALNUT STREET<br>14TH FLOOR<br>PHILADELPHIA PA 19102 |

| PHONE NUMBER | FAX NUMBER | |
|---|---|---|
| (267)457-5570 | (267)457-5571 | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 319549 | akipperman@kmfirm.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| ALEXANDER KIPPERMAN | Tuesday, May 13, 2025, 01:25 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

## COMPLETE LIST OF DEFENDANTS:

1. WALMART, INC
   250 SUMMIT PARK DRIVE
   PITTSBURGH PA 15275
2. WAL-MART STORES EAST, LP
   601 N. WALTON BOULEVARD
   BENTONVILLE AR 72712
3. WAL-MART REAL ESTATE BUSINESS TRUST
   601 N. WALTON BOULEVARD
   BENTONVILLE AR 72712
4. WAL-MART STORES INC
   601 N. WALTON BOULEVARD
   BENTONVILLE PA 72712
5. JOHN DOE
   UNKNOWN
   UNKNOWN  PA 00000

KWARTLER MANUS, L.L.C.
BY:
ALEXANDER H. KIPPERMAN, ESQUIRE
I.D. NO.: 319549
1429 Walnut Street, 14th Floor
Philadelphia, PA 19102
(267) 457-5570

MAJOR NON-JURY Filed and Attested by the
Office of Judicial Records
13 MAY 2025 01:31 pm

**Attorney for Plaintiff**

| | | |
|---|---|---|
| ALBERT MILLER | : | **COURT OF COMMON PLEAS** |
| 2041 SANLIN DRIVE | : | **COUNTY OF PHILADELPHIA** |
| CORAPOLIS, PA 15108 | : | **CIVIL TRIAL DIVISION** |
| | : | |
| v. | : | |
| | : | |
| WALMART, INC | : | |
| 250 SUMMIT PARK DRIVE | : | |
| PITTSBURGH, PA 15275 | : | |
| | : | |
| & | : | |
| | : | |
| WAL-MART STORES EAST, LP | : | |
| 601 N. WALTON BOULEVARD | : | |
| BENTONVILLE, AR 72712 | : | |
| | : | |
| & | : | |
| | : | |
| WAL-MART REAL ESTATE | : | |
| BUSINESS TRUST | : | |
| 601 N. WALTON BOULEVARD | : | |
| BENTONVILLE, AR 72712 | : | |
| | : | |
| & | : | |
| | : | |
| WAL-MART STORES INC | : | |
| 601 N. WALTON BOULEVARD | : | |
| BENTONVILLE, AR 72712 | : | |
| | : | |
| & | : | |
| | : | |
| JOHN DOE | : | |

**COMPLAINT IN PERSONAL INJURY**
**2S PREMISES LIABILITY**

1

NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW.   THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE
 PHILADELPHIA BAR ASSOCIATION
 LAWYER REFERRAL and INFORMATION SERVICE
 One Reading Center
 Philadelphia, Pennsylvania 19107
 (215) 238-6333
 TTY: (215) 451-6197

ADVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) días, de plazo al partir de la fecha de la demanda y la notificatión. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.:

 ASSOCIACION DE LICENDIADOS DE FILADELFIA
 SERVICIO DE REFENCIA E INFORMACION LEGAL
 One Reading Center
 Filadelfia, Pennsylvania 19107
 Teléfono: (215) 238-6333
 TTY: (215) 451-6197

## PLEASE BE ADVISED THAT KWARTLER MANUS, L.L.C. WILL NOT GRANT ANY EXTENSIONS OF TIME TO RESPOND TO THIS COMPLAINT.

Case ID: 250501556

## COMPLAINT IN PERSONAL INJURY
## 2S PREMISES LIABILITY

1.      Plaintiff, Albert Miller, is a citizen and resident of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint.

2.      Defendant, WALMART, INC, is a corporation doing business in the City and County of Philadelphia and the Commonwealth of Pennsylvania with a business address listed in the caption of this complaint, and which at all times material hereto was the owner, operator, maintainor, possessor, lessor, lessee and/or otherwise legally responsible for the care, control and or safety of the premises located at or near 250 Summit Park Drive, Pittsburgh, PA 15275 (hereinafter referred to as "premises").

3.      At all times material hereto defendant, WALMART, INC, was acting individually, jointly and/or by and through defendant's agents, servants, franchisees, workmen and/or employees for the maintenance, repair, care and control of the premises.

4.      At all times material hereto Defendant, WALMART, INC, was the sole owner of the premises.

5.      At all times material hereto Defendant, WALMART, INC, was the sole occupant, operator, maintainer, possessor, lessor, lessee, and/or otherwise legally responsible for the care, control, and/or safety of the premises.

6.      Defendant, WAL-MART STORES EAST, LP, is a corporation doing business in the City and County of Philadelphia and the Commonwealth of Pennsylvania with a business address listed in the caption of this complaint, and which at all times material hereto was the owner, operator, maintainor, possessor, lessor, lessee and/or otherwise legally responsible for the care,

3

Case ID: 250501556

- 4 -

control and or safety of the premises located at or near 250 Summit Park Drive, Pittsburgh, PA 15275 (hereinafter referred to as "premises").

7.    At all times material hereto defendant, WAL-MART STORES EAST, LP, was acting individually, jointly and/or by and through defendant's agents, servants, franchisees, workmen and/or employees for the maintenance, repair, care and control of the premises.

8.    At all times material hereto Defendant, WAL-MART STORES EAST, LP, was the sole owner of the premises.

9.    At all times material hereto Defendant, WAL-MART STORES EAST, LP, was the sole occupant, operator, maintainer, possessor, lessor, lessee, and/or otherwise legally responsible for the care, control, and/or safety of the premises.

10.    Defendant, WAL-MART REAL ESTATE BUSINESS TRUST, is a corporation doing business in the City and County of Philadelphia and the Commonwealth of Pennsylvania with a business address listed in the caption of this complaint, and which at all times material hereto was the owner, operator, maintainor, possessor, lessor, lessee and/or otherwise legally responsible for the care, control and or safety of the premises located at or near 250 Summit Park Drive, Pittsburgh, PA 15275 (hereinafter referred to as "premises").

11.    At all times material hereto defendant, WAL-MART REAL ESTATE BUSINESS TRUST, was acting individually, jointly and/or by and through defendant's agents, servants, franchisees, workmen and/or employees for the maintenance, repair, care and control of the premises.

12.    At all times material hereto Defendant, WAL-MART REAL ESTATE BUSINESS TRUST, was the sole owner of the premises.

Case ID: 250501556

- 5 -

13.    At all times material hereto Defendant, WAL-MART REAL ESTATE BUSINESS TRUST, was the sole occupant, operator, maintainer, possessor, lessor, lessee, and/or otherwise legally responsible for the care, control, and/or safety of the premises.

14.    Defendant, WAL-MART STORES INC, is a corporation doing business in the City and County of Philadelphia and the Commonwealth of Pennsylvania with a business address listed in the caption of this complaint, and which at all times material hereto was the owner, operator, maintainor, possessor, lessor, lessee and/or otherwise legally responsible for the care, control and or safety of the premises located at or near 250 Summit Park Drive, Pittsburgh, PA 15275 (hereinafter referred to as "premises").

15.    At all times material hereto defendant, WAL-MART STORES INC, was acting individually, jointly and/or by and through defendant's agents, servants, franchisees, workmen and/or employees for the maintenance, repair, care and control of the premises.

16.    At all times material hereto Defendant, WAL-MART STORES INC, was the sole owner of the premises.

17.    At all times material hereto Defendant, WAL-MART STORES INC, was the sole occupant, operator, maintainer, possessor, lessor, lessee, and/or otherwise legally responsible for the care, control, and/or safety of the premises.

18.    Defendant, John Doe, a fictitious name/entity, was the owner and/or property manager that was responsible for the care, maintenance, repair and control of the premises involved in the herein incident (hereinafter referred to as "premises"), and has been designated as John Doe under Rule 2005 of the Pennsylvania Rules of Civil Procedure. Defendant's, John Doe's, actual name is unknown to the plaintiff after having conducted a reasonable search with due diligence,

- 6 -

which search is ongoing to determine John Doe's true identity. Upon determination of the true identity of Defendant, John Doe, the appropriate legal name will be substituted for the identification of the fictitious name, John Doe.

19.    At all times material hereto, Defendant, John Doe, was acting individually, jointly, and/or by and through Defendant's agents, servants, franchisees, workmen and/or employees for the maintenance, repair, care and control of the premises.

20.    At all times material hereto Defendant, John Doe, was the sole owner of the premises.

21.    At all times material hereto Defendant, John Doe, was the sole occupant, operator, maintainer, possessor, lessor, lessee, and/or otherwise legally responsible for the care, control, and/or safety of the premises.

22.    On or about February 18, 2024, between 8:00PM and 9:00PM, plaintiff was an invitee, licensee and/or otherwise legally on defendant's premises, when, as a result of the negligence, recklessness and/or carelessness of the defendants the plaintiff was caused to slip and fall due to a wet and/or slippery substance on floor.

23.    Responding Defendant staff was notified of the aforementioned fall.

24.    Responding Defendant staff took numerous pictures of the aforementioned wet and/or slippery substance on the floor which caused Plaintiff's fall.

25.    Responding Defendant generated an incident report associated with the aforementioned fall.

26.    Responding Defendant is in possession of the aforementioned incident report.

27.    Responding Defendant is in possession of the aforementioned pictures.

- 7 -

28.     Responding Defendant has knowledge of the exact substance that caused Plaintiff

to fall.

29.     As a result of this incident, the plaintiff suffered severe and permanent bodily injury

as more fully set forth at length below.

**COUNT I**
**Albert Miller v. WALMART, INC**
**Personal Injury**

30.     Plaintiff incorporates herein the allegations set forth in the previous paragraphs,

inclusive, as if set forth here at length.

31.     The negligence, carelessness and/or recklessness of defendant consisted of the

following:

   a. Failure to design, construct, maintain, and/or repair the premises, floors, aisles,
      entrance ways, over which invitees, licensees and/or others are likely to travel
      rendering the premises unsafe;

   b. Failure to properly monitor, test, inspect or clean the premises, to see if there were
      dangerous or defective conditions to those legally on the premises;

   c. Failure to provide sufficient warning as to the reasonably foreseeable defects and
      dangerous nature of the premises, to such invitees, licensees and/or others legally
      on the premises;

   d. Failure to barricade and/or block-off the defective and/or dangerous area of the
      premises that was wet, slippery, and dangerous;

   e. Failure to reasonably inspect, maintain and/or otherwise exercise due and
      reasonable care under the circumstances in view of the foreseeable dangers,

- 8 -

incidents and/or injuries that could occur as a result of the conditions on the premises, that were wet, slippery, and dangerous;

f.  Failure to comply with all building codes, county and city laws, ordinances and regulations pertaining to the design, construction, and maintenance of the aforementioned premises;

g.  Failing to exercise the proper care, custody and control over the aforesaid premises;

h.  Failure to inspect, maintain and/or repair known and/or unknown defects;

i.  Failing to prevent and/or remove a dangerous condition derived, originated or had its source the aforesaid premises; and

j.  In other respects that may be pointed out at the time of trial.

32.    As a direct result of the negligent, careless and/or reckless conduct of defendant, the plaintiff suffered various serious and permanent personal injuries, serious impairment of body function and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including, but not limited to: left elbow sprain and strain, left elbow fracture, left arm sprain and strain, left arm fracture open reduction internal fixation of left olecranon process surgery, left arm fracture requiring surgical hardware removal, left elbow contusion, left ulna fracture, left olecranon fracture, acute displaced intra-articular olecranon process fracture, and any other ills, injuries, all to plaintiff's great loss and detriment.

33.    As a result of these injuries, all of which are to plaintiff's great financial detriment and loss, plaintiff has in the past, is presently and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time.

- 9 -

34.     As an additional result of the carelessness, negligence and/or recklessness of defendant, plaintiff has suffered emotional injuries along with the physical injuries suffered.

35.     As a further result of the injuries sustained, the plaintiff has, is presently, and may in the future undergo a great loss of earnings and/or earning capacity, all to the further loss and detriment of the plaintiff.

36.     In addition to all the injuries and losses suffered, the plaintiff has incurred or will incur medical, rehabilitative and other related expenses in the amount equal to and/or in excess of any applicable health insurance coverage for which plaintiff has not been reimbursed and upon which the plaintiff makes a claim for payment in the present action.

37.     Furthermore, in addition to all the injuries and losses suffered, the plaintiff has incurred or will incur Worker's Compensation Benefits upon which the plaintiff makes a claim for payment in the present action.

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable attorney's fees, costs and any other relief the court deems necessary.

### COUNT II
### Albert Miller v. WAL-MART STORES EAST, LP
### Personal Injury

38.     Plaintiff incorporates herein the allegations set forth in the previous paragraphs, inclusive, as if set forth here at length.

39.     The negligence, carelessness and/or recklessness of defendant consisted of the following:

Case ID: 250501556

- 10 -

a. Failure to design, construct, maintain, and/or repair the premises, floors, aisles, entrance ways, over which invitees, licensees and/or others are likely to travel rendering the premises unsafe;

b. Failure to properly monitor, test, inspect or clean the premises, to see if there were dangerous or defective conditions to those legally on the premises;

c. Failure to provide sufficient warning as to the reasonably foreseeable defects and dangerous nature of the premises, to such invitees, licensees and/or others legally on the premises;

d. Failure to barricade and/or block-off the defective and/or dangerous area of the premises that was wet, slippery, and dangerous;

e. Failure to reasonably inspect, maintain and/or otherwise exercise due and reasonable care under the circumstances in view of the foreseeable dangers, incidents and/or injuries that could occur as a result of the conditions on the premises, that were wet, slippery, and dangerous;

f. Failure to comply with all building codes, county and city laws, ordinances and regulations pertaining to the design, construction, and maintenance of the aforementioned premises;

g. Failing to exercise the proper care, custody and control over the aforesaid premises;

h. Failure to inspect, maintain and/or repair known and/or unknown defects;

i. Failing to prevent and/or remove a dangerous condition derived, originated or had its source the aforesaid premises; and

j. In other respects that may be pointed out at the time of trial.

Case ID: 250501556

- 11 -

40.    As a direct result of the negligent, careless and/or reckless conduct of defendant, the plaintiff suffered various serious and permanent personal injuries, serious impairment of body function and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including, but not limited to: left elbow sprain and strain, left elbow fracture, left arm sprain and strain, left arm fracture open reduction internal fixation of left olecranon process surgery, left arm fracture requiring surgical hardware removal, left elbow contusion, left ulna fracture, left olecranon fracture, acute displaced intra-articular olecranon process fracture, and any other ills, injuries, all to plaintiff's great loss and detriment.

41.    As a result of these injuries, all of which are to plaintiff's great financial detriment and loss, plaintiff has in the past, is presently and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time.

42.    As an additional result of the carelessness, negligence and/or recklessness of defendant, plaintiff has suffered emotional injuries along with the physical injuries suffered.

43.    As a further result of the injuries sustained, the plaintiff has, is presently, and may in the future undergo a great loss of earnings and/or earning capacity, all to the further loss and detriment of the plaintiff.

44.    In addition to all the injuries and losses suffered, the plaintiff has incurred or will incur medical, rehabilitative and other related expenses in the amount equal to and/or in excess of any applicable health insurance coverage for which plaintiff has not been reimbursed and upon which the plaintiff makes a claim for payment in the present action.

- 12 -

45.    Furthermore, in addition to all the injuries and losses suffered, the plaintiff has incurred or will incur Worker's Compensation Benefits upon which the plaintiff makes a claim for payment in the present action.

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable attorney's fees, costs and any other relief the court deems necessary.

### COUNT III
### Albert Miller v. WAL-MART REAL ESTATE BUSINESS TRUST
### Personal Injury

46.    Plaintiff incorporates herein the allegations set forth in the previous paragraphs, inclusive, as if set forth here at length.

47.    The negligence, carelessness and/or recklessness of defendant consisted of the following:

      a.  Failure to design, construct, maintain, and/or  repair the premises, floors, aisles, entrance ways, over which invitees, licensees and/or others are likely to travel rendering the premises unsafe;

      b.  Failure to properly monitor, test, inspect or clean the premises, to see if there were dangerous or defective conditions to those legally on the premises;

      c.  Failure to provide sufficient warning as to the reasonably foreseeable defects and dangerous nature of the premises, to such invitees, licensees and/or others legally on the premises;

      d.  Failure to barricade and/or block-off the defective and/or dangerous area of the premises that was wet, slippery, and dangerous;

- 13 -

e. Failure to reasonably inspect, maintain and/or otherwise exercise due and reasonable care under the circumstances in view of the foreseeable dangers, incidents and/or injuries that could occur as a result of the conditions on the premises, that were wet, slippery, and dangerous;

f. Failure to comply with all building codes, county and city laws, ordinances and regulations pertaining to the design, construction, and maintenance of the aforementioned premises;

g. Failing to exercise the proper care, custody and control over the aforesaid premises;

h. Failure to inspect, maintain and/or repair known and/or unknown defects;

i. Failing to prevent and/or remove a dangerous condition derived, originated or had its source the aforesaid premises; and

j. In other respects that may be pointed out at the time of trial.

48.    As a direct result of the negligent, careless and/or reckless conduct of defendant, the plaintiff suffered various serious and permanent personal injuries, serious impairment of body function and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including, but not limited to: left elbow sprain and strain, left elbow fracture, left arm sprain and strain, left arm fracture open reduction internal fixation of left olecranon process surgery, left arm fracture requiring surgical hardware removal, left elbow contusion, left ulna fracture, left olecranon fracture, acute displaced intra-articular olecranon process fracture, and any other ills, injuries, all to plaintiff's great loss and detriment.

- 14 -

49.    As a result of these injuries, all of which are to plaintiff's great financial detriment and loss, plaintiff has in the past, is presently and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time.

50.    As an additional result of the carelessness, negligence and/or recklessness of defendant, plaintiff has suffered emotional injuries along with the physical injuries suffered.

51.    As a further result of the injuries sustained, the plaintiff has, is presently, and may in the future undergo a great loss of earnings and/or earning capacity, all to the further loss and detriment of the plaintiff.

52.    In addition to all the injuries and losses suffered, the plaintiff has incurred or will incur medical, rehabilitative and other related expenses in the amount equal to and/or in excess of any applicable health insurance coverage for which plaintiff has not been reimbursed and upon which the plaintiff makes a claim for payment in the present action.

53.    Furthermore, in addition to all the injuries and losses suffered, the plaintiff has incurred or will incur Worker's Compensation Benefits upon which the plaintiff makes a claim for payment in the present action.

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable attorney's fees, costs and any other relief the court deems necessary.

### COUNT IV
### Albert Miller v. WAL-MART STORES INC
### Personal Injury

54.    Plaintiff incorporates herein the allegations set forth in the previous paragraphs, inclusive, as if set forth here at length.

Case ID: 250501556

- 15 -

55.     The negligence, carelessness and/or recklessness of defendant consisted of the following:

a. Failure to design, construct, maintain, and/or repair the premises, floors, aisles, entrance ways, over which invitees, licensees and/or others are likely to travel rendering the premises unsafe;

b. Failure to properly monitor, test, inspect or clean the premises, to see if there were dangerous or defective conditions to those legally on the premises;

c. Failure to provide sufficient warning as to the reasonably foreseeable defects and dangerous nature of the premises, to such invitees, licensees and/or others legally on the premises;

d. Failure to barricade and/or block-off the defective and/or dangerous area of the premises that was wet, slippery, and dangerous;

e. Failure to reasonably inspect, maintain and/or otherwise exercise due and reasonable care under the circumstances in view of the foreseeable dangers, incidents and/or injuries that could occur as a result of the conditions on the premises, that were wet, slippery, and dangerous;

f. Failure to comply with all building codes, county and city laws, ordinances and regulations pertaining to the design, construction, and maintenance of the aforementioned premises;

g. Failing to exercise the proper care, custody and control over the aforesaid premises;

h. Failure to inspect, maintain and/or repair known and/or unknown defects;

- 16 -

    i.   Failing to prevent and/or remove a dangerous condition derived, originated or had

          its source the aforesaid premises; and

    j.   In other respects that may be pointed out at the time of trial.

56.    As a direct result of the negligent, careless and/or reckless conduct of defendant, the plaintiff suffered various serious and permanent personal injuries, serious impairment of body function and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including, but not limited to: left elbow sprain and strain, left elbow fracture, left arm sprain and strain, left arm fracture open reduction internal fixation of left olecranon process surgery, left arm fracture requiring surgical hardware removal, left elbow contusion, left ulna fracture, left olecranon fracture, acute displaced intra-articular olecranon process fracture, and any other ills, injuries, all to plaintiff's great loss and detriment.

57.    As a result of these injuries, all of which are to plaintiff's great financial detriment and loss, plaintiff has in the past, is presently and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time.

58.    As an additional result of the carelessness, negligence and/or recklessness of defendant, plaintiff has suffered emotional injuries along with the physical injuries suffered.

59.    As a further result of the injuries sustained, the plaintiff has, is presently, and may in the future undergo a great loss of earnings and/or earning capacity, all to the further loss and detriment of the plaintiff.

60.    In addition to all the injuries and losses suffered, the plaintiff has incurred or will incur medical, rehabilitative and other related expenses in the amount equal to and/or in excess of

- 17 -

any applicable health insurance coverage for which plaintiff has not been reimbursed and upon which the plaintiff makes a claim for payment in the present action.

61.    Furthermore, in addition to all the injuries and losses suffered, the plaintiff has incurred or will incur Worker's Compensation Benefits upon which the plaintiff makes a claim for payment in the present action.

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable attorney's fees, costs and any other relief the court deems necessary.

**COUNT V**
**Albert Miller v. John Doe**
**Personal Injury**

62. Plaintiff incorporates herein the allegations set forth in the previous paragraphs, inclusive, as if set forth here at length.

63. The negligence, carelessness and/or recklessness of defendant consisted of the following:

    a.  Failure to design, construct, maintain, and/or  repair the premises, floors, aisles, entrance ways, over which invitees, licensees and/or others are likely to travel rendering the premises unsafe;

    b.  Failure to properly monitor, test, inspect or clean the premises, to see if there were dangerous or defective conditions to those legally on the premises;

    c.  Failure to provide sufficient warning as to the reasonably foreseeable defects and dangerous nature of the premises, to such invitees, licensees and/or others legally on the premises;

Case ID: 250501556

- 18 -

    d.  Failure to barricade and/or block-off the defective and/or dangerous area of the premises that was wet, slippery, and dangerous;

    e.  Failure to reasonably inspect, maintain and/or otherwise exercise due and reasonable care under the circumstances in view of the foreseeable dangers, incidents and/or injuries that could occur as a result of the conditions on the premises, that were wet, slippery, and dangerous;

    f.  Failure to comply with all building codes, county and city laws, ordinances and regulations pertaining to the design, construction, and maintenance of the aforementioned premises;

    g.  Failing to exercise the proper care, custody and control over the aforesaid premises;

    h.  Failure to inspect, maintain and/or repair known and/or unknown defects;

    i.  Failing to prevent and/or remove a dangerous condition derived, originated or had its source the aforesaid premises; and

    j.  In other respects that may be pointed out at the time of trial.

64. As a direct result of the negligent, careless and/or reckless conduct of defendant, the plaintiff suffered various serious and permanent personal injuries, serious impairment of body function and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including, but not limited to: left elbow sprain and strain, left elbow fracture, left arm sprain and strain, left arm fracture open reduction internal fixation of left olecranon process surgery, left arm fracture requiring surgical hardware removal, left elbow contusion, left ulna fracture, left olecranon fracture, acute displaced intra-articular olecranon process fracture, and any other ills, injuries, all to plaintiff's great loss and detriment.

Case ID: 250501556

- 19 -

65. As a result of these injuries, all of which are to plaintiff's great financial detriment and loss, plaintiff has in the past, is presently and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time.

66. As an additional result of the carelessness, negligence and/or recklessness of defendant, plaintiff has suffered emotional injuries along with the physical injuries suffered.

67. As a further result of the injuries sustained, the plaintiff has, is presently, and may in the future undergo a great loss of earnings and/or earning capacity, all to the further loss and detriment of the plaintiff.

68. In addition to all the injuries and losses suffered, the plaintiff has incurred or will incur medical, rehabilitative and other related expenses in the amount equal to and/or in excess of any applicable health insurance coverage for which plaintiff has not been reimbursed and upon which the plaintiff makes a claim for payment in the present action.

69. Furthermore, in addition to all the injuries and losses suffered, the plaintiff has incurred or will incur Worker's Compensation Benefits upon which the plaintiff makes a claim for payment in the present action.

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable attorney's fees, costs and any other relief the court deems necessary.

KWARTLER MANUS, L.L.C.

_____

ALEXANDER H. KIPPERMAN, ESQUIRE

Case ID: 250501556

- 21 -

## VERIFICATION

I hereby state that I am a Plaintiff in this action and verify that the statements made in the forgoing Civil Action Complaint are true and correct to the best of my knowledge, information and belief. To the extent that the contents of the Complaint are that of counsel, verifier has relied on counsel in taking this Verification. The undersigned understands that this Verification is made subject to the penalties of 18 Pa. C.S. Section 4909 relating to unsworn falsifications to authorities.

Signature: _____

## <u>CERTIFICATE OF SERVICE</u>

I, Paul B. Alexander, Esquire, hereby certify that on the 19th day of June, 2025,

I sent a true and correct copy of Defendant's Notice of Removal by electronic mail as

follows:

**Via Email:**
Alexander H. Kipperman, Esquire
KWARTLER MANUS, L.L.C.
1429 Walnut Street, 14,h Floor
Philadelphia, PA 19102
akipperman@kmfirm.com

**THOMAS, THOMAS & HAFER, LLP**

/s/ Paul B. Alexander
Paul B. Alexander, Esquire